JOHN ERIC OLSON (JO-4394)
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
Ocean Mexicana,
S.A. de C.V.
45 Broadway, Suite 1500
New York, New York  10006
(212) 669-0600




**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -x
OCEAN MEXICANA S.A. de C.V.       :
                                  :   Index No.: 08 cv ___ (   )
                                  :
            Plaintiff,            :
                                  :
- Against -                       :   **VERIFIED COMPLAINT**
                                  :
CONSTRUCCIONES INTEGRALES DEL     :
CARMEN S.A. de C.V.               :
                                  :
            Defendant .           :
- - - - - - - - - - - - - - - - - -x

Plaintiff, OCEAN MEXICANA, S.A. de C.V. ("Ocean") by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its Verified Complaint against the above-named defendant alleges upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and

this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At and during all material times hereinafter mentioned, plaintiff Ocean was and now is a foreign business entity organized and existing by virtue of foreign law with an office and place of business at Paseo de la Reforma, 115 Pisoll, Col. Lomas de Chapultepec, Mexico, D.F.

3. At and during all material times hereinafter mentioned, defendant, CONSTRUCCIONES INTEGRALES DEL CARMEN S.A. de C.V., ("Construcciones") was and now is a foreign business entity organized and existing by virtue of Mexican law with an office and place of business at Manzana "M", Lote 1 "D", Pto. Ind. Pesquero "Laguna Azul", Cuidad de Carmen, Campeche, Mexico.

4. After investigation, the defendant Construcciones cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiff is informed that defendants have, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being

transferred and/or wired to, from or through JPMorgan Chase Bank; Citibank N.A.; American Express Bank, Ltd; Bank of America; Bank of New York; Deutsche Bank; HSBC; BNP Paribas; Wachovia Bank; ABN Amro; Atlantic Bank of New York; Standard Chartered Bank; Bank of Communications; The Bank of East Asia; Bank of China; Shanghai Commercial Bank Ltd, Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC, Scotia Bank, Banco Santander New York, and/or any other garnishees as further investigation may uncover.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT CONSTRUCCIONES

5. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 5 as if set forth herein at length.

6. On or about March 17, 2006, plaintiff, Ocean, and defendant, Construcciones, entered into a Charter Party with respect to the Vessel ISLAND PIONEER. (A copy of the "Supplytime 89" contract is attached as Exhibit 1).

7. Under the terms of the Charter Party, defendant, Construcciones, was required, *inter alia*, to make monthly

hire payments.

8. The defendant Construcciones failed to pay hire in accordance with the terms and conditions of the Charter Party.

9. The Charter Party calls for arbitration in London, and this action is initiated to secure plaintiff in respect to any awards that will be granted by the arbitrators in London.

10. As a result of defendant Construcciones's breach of the charter party, plaintiff Ocean has sustained damages on this first count, in the amount of $1,384,708.00.

### AS AND FOR A SECOND COUNT
### AGAINST THE DEFENDANT CONSTRUCCIONES

11. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 10 as if set forth herein.

12. The defendant Construcciones is liable to plaintiff for the following items relating to the vessel Island Pioneer and the "Supplytime 89" contract:

| | | |
|---|---|---|
| (a) | Value of lubricants used | $44,910.30 |
| (b) | Damage to ship's equipment when Construcciones was doing sandblasting work on deck | $2,328.70 |
| (c) | Vessel's fire fighting hose damaged by Construcciones | $2,468.42 |

    (d)    Other vessel's property
damaged by Construcciones    $4,657.40

13. As a result of the aforesaid, Ocean has sustained damages on this second count in the amount of $54,364.82.

**W H E R E F O R E**, plaintiff Ocean prays:

1. That process in due form of law according to the practice of this Court may issue against the defendant citing them to appear and answer the foregoing, failing which, a default will be taken against them for the principal amount of the claim, plus interest, costs and attorneys' fees;

2. That if the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of defendant Construcciones up to and including $1,439,072.82 be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through JPMorgan Chase Bank; Citibank N.A.; American Express Bank, Ltd; Bank of America; Bank of New York; Deutsche Bank; HSBC; BNP Paribas; Wachovia Bank; ABN Amro; Atlantic Bank of New York; Standard Chartered Bank; Bank of Communications; The Bank of East Asia; Bank of China; Shanghai

Commercial Bank Ltd, Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC, Scotia Bank, Banco Santander New York, and/or other garnishees upon who a Writ of Maritime Attachment and Garnishment may be served; and

3. And for such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          March 19, 2008

                          HILL RIVKINS & HAYDEN LLP
                          Attorneys for Plaintiff

                          By: _____
                              John Eric Olson (JO-4394)

                          45 Broadway, Suite 1500
                          New York, New York 10006
                          (212) 669-0600

29792\Rule B Pleadings\VERIFIED COMPLAINT

## **VERIFICATION**

I, John Eric Olson, hereby affirm as follows:

1. I am a member of the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff Ocean. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign business entity and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated:   New York, New York
         March 19, 2008

_____
John Eric Olson

Exhibit 1

# CONTRATO DE FLETAMENTO POR TIEMPO PARA BUQUES DE SERVICIO COSTA AFUERA
## NOMBRE DE CODIGO: "SUPPLYTIME 89"

**PARTE I**

**1. Lugar y Fecha (Cl. 5(a))**
Ciudad del Carmen, Campeche a 17 de Marzo del 2006.

**2. Propietarios/Lugar del negocio (dirección completa y no. de telex/telefax) (Cl. 1(a))**
Ocean Mexicana SA de CV
Av Paseo de la Reforma 115 piso 11
Col. Lomas de Chapultepec
México, D.F. C.P. 11,000
Tel: 54 42 28 00
Fax: 54 42 28 10

**3. Fletador/Lugar del negocio (dirección completa y no. de telex/telefax) (Cl. 1(a))**
Construcciones Integrales del Carmen SA de CV
RFC-CIC950622PN1
Prolongación Paseo Montejo No. 310, Local 7,
Fracc. Gonzalo Guerrero, entre Calle 1 y 1C,
CP 97118, Mérida, Yucatán
Tel. / Fax: (938) 384 45 47, 382 73 18

**4. Nombre del Barco (Cl. 1(a))**
Islan Pioneer de acuerdo a especificaciones del anexo A

**5. Fecha de entrega (Cl. 2(a))**
Del 10 al 20 de Mayo de 2006

**6. Fecha de cancelación (Cl. 2(a) y (c))**
N/A

**7. Puerto o lugar de entrega (Cl. 2(a))**
En aguas Mexicanas, Dos Bocas o Cd. Del Carmen al aviso de listos de la embarcación.

**8. Puerto o lugar de devolución /notificación de devolución (Cl. 2(d))**
(i) Puerto o lugar de devolución:
En aguas Mexicanas a opción del Fletador.
(ii) Numero de días para la notificación de devolución
45 (Cuarenta y cinco) días

**9. Periodo de contratación**
365 días firmes

**10. Extensión del periodo de contratación (opcional) (Cl. 1 (b))**
(i) Periodo de extensión
Periodos de extensión de tres meses de mutuo acuerdo
(ii) Notificación previa para la declaración de opción (días)
45 DIAS

**11. Periodo de extensión automático para completar el viaje ó pozo (Cl. 1(c))**
(i) Viaje ó pozo (determine cual)
VIAJE
20 DIAS

**12. Cargos por movilización (importe al tanto alzado y vencimiento) (Cl. 2(b)(i))**
(i) Importe al tanto alzado
USD $ 700,000.00 ( Setecientos mil dolares americanos ) por movilización
(ii) Fecha de vencimiento
A la firma del presente contrato de fletamento

**13. Puerto o lugar de movilización (Cl. 2(b)(i))**
Costa Oeste Noruega

**14. Terminación anticipada del contrato (especifique la cantidad a paga por contratación) (Cl. 24(a))**
Si el fletador cancela anticipadamente dicho contrato deberá pagar al propietario la tarifa diaria señalada en el recuadro 19 hasta cubrir el periodo estipulado en el recuadro 9 de este contrato.

**17. Area de operación (Cl. 5(a))**
GOLFO DE MEXICO – BAHIA DE CAMPECHE

Adoptado por
(ISOA) Apoyo Internacional a propietarios de Buques, Londres

Copyright, publicado por
Consejo Marítimo Internacional y Báltico (BIMCO),
Copenhague
Septiembre 1989

Expedido por el Comité de Documentales del Consejo Marítimo Internacional y Báltico (BIMCO), Copenhague
(Primera Edición publicada 1975)
REVISADA 1989

Este documento es una forma de SUPPLYTIME 89 generado por computadora e impreso bajo la autorización de BIMCO. Cualquier inserción o supresión a la forma deberá ser claramente visible. En caso de que cualquier modificación sea llevada a cabo al texto previamente impreso de este documento que no sea claramente visible, el texto del documento original aprobado por BIMCO se aplicará. BIMCO no asumirá responsabilidad alguna por pérdida, daño o gasto como resultado de alguna discrepancia entre el documento original aprobado por BIMCO y este documento generado por computadora.

CONTRATO DE FLETAMENTO POR TIEMPO PARA BUQUES DE SERVICIO COSTA AFUERA
NOMBRE DE CODIGO: "SUPPLYTIME 89"
PARTE I

| 19. Contratación del flete (estipule precio y moneda) (Cl. 10(a) y (d)) | 20. Extensión del flete (si es acordada, estipule precio) (Cl. 10(b)) |
|---|---|
| $ 45,000.00 ( CUARENTA Y CINCO MIL ) Dólares Americanos por día o prorrata por parte del día e incluye únicamente la embarcación y su tripulación, excluyendo combustibles, aceites, lubricantes, agua y demás consumibles, comunicaciones, gastos portuarios, permisos de navegación, personal del fletador y terceros, comisaria y cualquier otro gasto de acuerdo a los términos y condiciones establecidos en el modelo de contrato suplyTime 89 | Misma tarifa del recuadro 19 |

| 21. Facturación para flete y otros pagos (Cl. 10(d)) | 22. Pagos (estipule el modo y lugar de pago; también estipule beneficiario y cuenta bancaria) (Cl. 10(e)) |
|---|---|
| (i) estipule si será expedida por adelantado o vencido<br><br>POR MES VENCIDO<br><br>(ii) estipule a quien deberá ser expedido si el consignatario es otro que el que se estableció en el Recuadro 2<br>DE ACUERDO AL RECUADRO 2<br>(iii) estipule a quien deberá ser expedido si el consignatario es otro que el que se estableció en el Recuadro 3.<br>(iv) DE ACUERDO AL RECUADRO 3 | LOS PAGOS DEBERAN EFECTUARSE MEDIANTE DEPOSITO O TRANSFERENCIA BANCARIA MISMO DIA EN DOLARES AMERICANOS A LA CUENTA DEL PROPIETARIO: EN LA QUE INDIQUE EL PROPIETARIO. |

| 23. Pago de flete, facturas de combustible y desembolsos para la cuenta de los Fletadores (estipule el numero máximo de días) (Cl. 10 (e)) | 24. Tasas de interés pagaderos (Cl. 10(e)) | 25. Máximo periodo de auditoria (Cl. 10(f)) |
|---|---|---|
| A los 40 ( cuarenta ) días siguientes al final de cada mes calendario trabajado. | 1% mensual | 1 año |

| 26. Comidas (estipule precio acordado) (Cl. 5(c)(i)) | 27. Alojamiento (estipule precio acordado) (Cl. 5(c)(i)) | 28. Mutua renuncia al derecho de recurso (opcional, estipule si es aplicable) (Cl. 10(f)) |
|---|---|---|
| Por cuenta de los fletadores | Por cuenta de los fletadores | NA |

| 29. Subarrendar (estipule la cantidad del incremento diario al alquilar contratación) (Cl. 17(b)) | 30. Guerra (estipule el nombre de los países (Cl. 19(e)) |
|---|---|
| N/A | Cualquier País |

| 31. Avería gruesa o comun (lugar del convenio—solamente será llenado si es distinto a Londres) (Cl. 21) | 32. Descompostura (estipule periodo) (Cl. 26(b)(v)) |
|---|---|
| N/A | Los propietarios tienen derecho a un día para mantenimiento/ reparaciones al mes acumulables hasta 15 días por año de los cuales 7.5 días serán con Cargo a lo Fletadores y 7.5 días serán con cargo a los Propietarios de manera intercalada . |

| 33. Ley y arbitraje (estipule Cl. 31(a) ó 31(b) ó 31(c), como sea acordado; si Cl. 31(c) es acordado también estipule el lugar de arbitraje) (Cl. 31) | 34. Número de cláusulas adicionales que cubren provisiones especiales, si son acordadas |
|---|---|
| LONDRES, INGLATERRA | 9 (Nueve) |

| 35. Nombres y direcciones para las notificaciones y otras comunicaciones requeridas para ser otorgadas por los propietarios (Cl. 28) | 36. Nombres y direcciones para las notificaciones y otras comunicaciones requeridas para ser otorgadas por los fletadores (Cl. 28) |
|---|---|
| LIC. ALFREDO REYNOSO DURAND<br>LIC. MANUEL MAYORAL PIANA | ING. JOSE JESUS HERNANDEZ CANTARELL<br>ING. ANGEL LOZANO |

Es acordado mutuamente que este contrato deberá ser realizado sujeto a las condiciones contenidas en el Alquiler que consiste de la PARTE I, incluyendo cláusulas adicionales si alguna acordada y estipulada en el Recuadro 34, y PARTE II asi como el ANEXO "A" y ANEXO "B" como se adjunta a este Alquiler. En caso de un conflicto de condiciones, las provisiones de la PARTE I deberá prevalecer sobre aquellas de la PARTE II y ANEXO "A" y ANEXO "B" hasta cierto punto que dicho conflicto PERO NO MAS ALLA ANEXO "C" como se adjunta a este Flete es opcional y solamente deberá aplicarse si es expresamente acordado y estipulado en el Recuadro 28.

Firma (Propietarios)

ANTONIO JUAN MARCOS ISSA

JUAN REYNOSO DURAND

Firma (Fletadores)

JOSE JESUS HERNANDEZ CANTARELL

ANGEL LOZANO CARRILLO

Este documento es una forma de SUPPLYTIME 89 generado por computadora e impreso bajo la autorización de BIMCO. Cualquier inserción o supresión a la forma deberá ser claramente visible. En caso de que cualquier modificación sea llevada acabo al texto previamente impreso de este documento que no sea claramente visible, el texto del documento original aprobado por BIMCO se aplicará. BIMCO no asumirá responsabilidad alguna por pérdida, daño o gasto como resultado de alguna discrepancia entre el documento original aprobado por BIMCO y este documento generado por computadora.

CLÁUSULAS ADICIONALES QUE FORMAN PARTE DEL CONTRATO DE FLETAMENTO DE LA EMBARCACIÓN "ISLAND PIONEER" DE FECHA ____ MARZO 2006, CELEBRADO ENTRE "CONSTRUCCIONES INTREGRALES DEL CARMEN S.A. DE C.V." Y "OCEAN MEXICANA S.A DE .C.V."

**37.- Garantía.-** Los fletadores deberán entregar antes de que la embarcación zarpe del puerto de origen, una carta de crédito irrevocable o deposito a favor de Ocean Mexicana, .S.A de C.V. por un monto equivalente a 60 dias de flete.

**38.- Tripulación.-** Los propietarios serán responsables de proveer la tripulación marina y los operadores del sistema de posicionamiento dinámico. Asimismo proveerán un operador de grúa para operar únicamente un turno de 12 horas al día. En caso de que el fletador requiera proveer un operador de grúa adicional, este será a su propio costo y responsabilidad y deberá cumplir con la capacidad y certificaciones requeridas por el propietario quien dará su visto bueno para su aceptación y evaluará su desempeño durante el periodo del contrato. De igual manera, el propietario podrá solicitar su sustitución en cualquier momento en caso de que en su opinión este no cumpla con los requisitos necesarios para la correcta operación de la grua.

Los fletadores serán responsables de proveer y pagar por todo el comisariato para todo el personal abordo incluyendo la tripulación marina, los operadores del sistema de posicionamiento dinámico, gruero y representantes a bordo del propietario. Así mismo los Propietarios serán responsables de proveer y pagar por todo el equipo de cocina, galerías, comedor, camarotes, cabina, incluyendo colchones, sabanas, cobijas almohadas y cubre almohadas, en buenas condiciones, suficiente y necesario para el servicio requerido por única ocasión al inicio de las operaciones., De igual manera los fletadores serán los responsables de proveer y pagar toda reposición necesaria para mantener este equipo de cocina, galerías, comedor, camarotes, cabina, incluyendo colchones, sabanas, cobijas almohadas y cubre almohadas en buenas condiciones, suficiente y necesario para el servicio requerido

**39.- Capacidad de acomodo.-** La embarcación cuenta con una capacidad total de acomodo de 190 personas incluyendo tripulación, operadores del sistema de posicionamiento dinámico, gruero y representante del propietario. Los propietarios podrán tener un representante abordo a su propio costo durante todo el periodo del contrato a quien se le deberá asignar un lugar para su estancia.

**40.- Seguros.-** Los fletadores aceptan realizar todos los trámites relacionados a la obtención de la emisión de las coberturas de seguro de P&I ( fronting) de la embarcación a través de una empresa Mexicana de acuerdo a los requerimientos de su contrato con PEMEX sin ningún costo para el propietario. Asimismo los fletadores deberán proveer el seguro necesario para cubrir las indemnizaciones provistas para los propietarios en el Anexo C " Acuerdo para mutua indemnización y renuncia al derecho de recurso. Los fletadores entregaran los certificados del seguro actualizados.

**41.-** Los propietarios serán responsables de llevar a cabo los trámites necesarios para la importación de la embarcación de acuerdo a las características del anexo A.

**42.-** El costo y tramite para la obtención de los permisos de navegación serán responsabilidad de los fletadores, Asimismo los Propietarios son responsables de la contratación y todo gasto incurrido en el oficial de protección del buque requerido por la Marina Mercante.

**43.-** los consumos de combustibles de la embarcación establecidos son aproximados y cualquier variación en dichos consumos correrá por cuenta de los fletadores.

**44.-** Para prevenir cualquier daño a la grúa de la embarcación, cualquier trabajo de "Sandblast" que se lleve a cabo en la cubierta de la embarcación deberá hacerse dentro de una tienda o contenedor provisto por los Fletadores.

**45.-** En caso de retraso en la ventana de entrega de la embarcación establecida en el recuadro numero 5 de la parte I del presente, los Propietario se compromete a ayudar en lo posible a los Fletadores a documentar y soportar las causas de fuerza mayor

Este documento es una forma de SUPPLYTIME 89 generado por computadora e impreso bajo la autorización de BIMCO. Cualquier inserción o supresión a la forma deberá ser claramente visible. En caso de que cualquier modificación sea llevada acabo al texto previamente impreso de este documento que no sea claramente visible, el texto del documento original aprobado por BIMCO se aplicará. BIMCO no asumirá responsabilidad alguna por pérdida, daño o gasto como resultado de alguna discrepancia entre el documento original aprobado por BIMCO y este documento generado por computadora.

HECTOR GUILLERMO GALEANO INCLAN, TITULAR DE LA NOTARIA NUMERO
CIENTO TREINTA Y TRES DEL DISTRITO FEDERAL, CERTIFICO: QUE ESTA
COPIA FOTOSTATICA EN TRES HOJAS UTILES DE LAS CUALES LAS DOS
PRIMERAS VAN SELLADAS E INICIALADAS POR MI, ES UNA REPRODUCCION
FIEL Y EXACTA DE SU ORIGINAL, CON EL QUE LA COMPARE Y QUE TUVE
A LA VISTA. - - - - - - - - - - - - - - - - - - - - - - - - -
LO ANTERIOR CONSTA EN EL REGISTRO NUMERO SIETE MIL NOVECIENTOS
CINCUENTA Y SEIS, ASENTADO CON ESTA FECHA EN EL LIBRO DE REGISTRO
DE COTEJOS. DOY FE. - - -   - - - - - - - - - - - - - - - - -
MEXICO, DISTRITO FEDERAL, DIECIOCHO DE DICIEMBRE DEL DOS MIL
SIETE. - - - - - - - - - - - - - - - - - - - - - - - - - - -
JJH/JAPM. - - - - - - - - - - - - - - - - - - - - - - - - - -


